**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RODOLFO JOSE HERRERA-CONTRERAS,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]<br>Respondent. | ) | No. 2:26-cv-03376-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On October 18, 2026, Petitioner Rodolgo Jose Herrera-Contreras filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 13.) Herrera-Contreras states that he is a citizen of Venezuela who first entered the United States on June 11, 2021 in Arizona. (Id. at PageID 2.) Petitioner resides with his wife and states that he has no criminal history. (Id. at PageID 3.) On October 16, 2026, he was taken into custody after appearing for a scheduled ICE check-in. (Id. at PageID 2.) He is currently detained at the West Tennessee Detention Facility. (Id. at PageID

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, Markwayne Mullin and Trinity Minter are dismissed from the case.

[2] Along with the Petition, Herrera-Contreras filed an Emergency Motion to Prevent Reported October 19 Transfer or Alternative Advance Notice. (ECF No. 2.) To the extent that motion requests a stay of Herrera-Contreras's transfer out of this District, the Motion is **GRANTED**.

1.) He seeks immediate release or a bond hearing. (Id. at PageID 14–15.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 19th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE