**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RODOLFO JOSE HERRERA-CONTRERAS,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03376-SHL-cgc |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Rodolgo Jose Herrera-Contreras Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is a citizen of Venezuela who first entered the United States on June 11, 2021, in Arizona. (Id. at PageID 2.) He challenges his continued immigration-related detention at the West Tennessee Detention Facility without a bond hearing. (Id. at PageID 13.) Respondent responded in opposition on October 21, 2026. (ECF No. 10.) Petitioner replied on October 23, 2026. (ECF No. 11.)

For the reasons stated below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner entered the United States without inspection on June 11, 2021, at or near San Luis, Arizona. (ECF No. 1 at PageID 2; ECF No. 10 at PageID 38.) Upon entry, Petitioner was processed for expedited removal with credible fear, issued a Form I-860 (Notice of Order of Expedited Removal), and subsequently issued an Interim Notice Authorizing Parole on July 21, 2021, which remained valid for one year. (ECF No. 1 at PageID 2; ECF No. 10-1 at PageID 45.) On October 11, 2022, Petitioner submitted an asylum application to USCIS, which was later

closed. (ECF No. 11 at PageID 58.) Petitioner has remained in the U.S., and, on October 16, 2026, appeared voluntarily for a scheduled ICE check-in, where he was taken into custody. (ECF No. 1 at PageID 2.) He was ultimately transferred to the West Tennessee Detention Facility, where he remains in custody. (ECF No. 11 at PageID 58.)

## ANALYSIS

Petitioner challenges Respondent's detention authority and seeks immediate release from Respondent's custody. (ECF No. 11 at PageID 59–65.) He argues that he is like the petitioner in Alnatsheh v. Bullock, No. 26-2598, (W.D. Tenn. July 17, 2027), whose petition was granted. (See No. 26-2598 at ECF No. 16.) In that case, the petitioner was apprehended upon entry into the U.S., placed into expedited removal proceedings based on credible fear, then paroled, and arrested years later at a check-in meeting with ICE. (Id. at PageID 77.) This Court granted the petition because there was no evidence that the petitioner was actively seeking admission into the country at the time of his arrest, so 8 U.S.C. § 1226(a) applied to his detention, and ICE's decision to detain him without a bond hearing violated his liberty interest, entitling him to immediate release.

Here, "Respondent acknowledges that the common questions of law between this case and the Court's previous rulings, including Alnatsheh, would likely control the result in this case if the Court adheres to its legal reasoning in those cases." (ECF No. 10 at PageID 43.) On this point, Respondent is correct. Petitioner here has been released into the community since his July 2021 parole, has remained for years, and was arrested over five years later at a scheduled ICE check-in. As such, Petitioner's detention is governed by § 1226(a), not § 1225(b). And because Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention," Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026), ICE's decision to detain him without

providing a bond hearing in accordance with § 1226(a) violated that liberty interest, entitling him to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a)."). Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(B)(ii). Respondent is further **ORDERED** to file a Status Report with this Court within two business days, to certify compliance with this Order.

**IT IS SO ORDERED,** this 26th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE