**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RODOLFO JOSE HERRERA-CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03376-SHL-cgc |

## ORDER DIRECTING RESPONSE

Before the Court is Petitioner Rodolfo Jose Herrera-Contreras's Motion to Clarify and Enforce October 26, 2026, Order. (ECF No. 15.) As explained below, Respondent is **ORDERED** to respond to Petitioner's filing on or before November 4, 2026.

On October 26, this Court entered an Order granting Herrera-Contreras's habeas petition and enjoining Respondent from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(B)(ii). (ECF No. 12 at PageID 83.) Judgment entered on October 29, after Respondent had confirmed Petitioner's release from custody. (ECF No. 13; ECF No. 14.)

Petitioner filed a Motion on October 30, which provided details surrounding Petitioner's release from custody and subsequent actions taken by Respondent and individuals employed by USCIS. (ECF No. 15.) Petitioner states that, a few hours before Respondent released him from custody, he was informed that he had a call from his lawyer. (Id. at PageID 89.) His lawyer was, in fact, not on the phone, instead, it was an Asylum Officer seeking to conduct a credible fear interview with Petitioner. (Id.) Petitioner alleges that he had received no advance notice of this call, so he requested that his lawyer join the call. Counsel joined the call and raised several

issue, including the lack of notice of the call, which resulted in the Asylum Officer rescheduling the credible fear interview for November 11, 2026. (Id. at PageID 90.)

Upon his release, Petitioner was also ordered to report to an Intensive Supervision Appearance Program ("ISAP") on October 29, which he attended. (Id. at PageID 89.) At the meeting, Petitioner received a questionnaire form and a follow-up appointment for November 4. (Id.)

Petitioner is concerned Respondent will seek Petitioner's detention in violation of this Court's Order. As such, Petitioner requests various relief, including a response from Respondent and the production of various documents. At this point, Petitioner's Motion "does not seek a contempt finding on the present record," and does not appear to argue that Respondent is in violation of this Court's Order granting his Petition. (ECF No. 15 at PageID 90.)

However, Petitioner's allegations are troubling. For one, Petitioner alleges that he received no notice of his credible fear interview and was misled that he was receiving a call from his lawyer, not a government official. Moreover, as this Court has determined in other cases, ISAP restrictions are unlawful when the government fails to satisfy several statutory requirements before imposing them. See Almira v. Bullock, No. 2:26-cv-02574-SHL-cgc, 2026 WL 3018682, at *2 (W.D. Tenn. Oct. 7, 2026) (enjoining ISAP restrictions when government failed to satisfy several statutory requirements).

Therefore, Respondent is **ORDERED** to respond to Petitioner's October 30, 2026, filing on or before November 4, 2026. Respondent shall address its legal basis to pursue a credible fear interview with Petitioner and impose ISAP restrictions on Petitioner. Respondent is **FURTHER ORDERED** to explain whether its conduct complies with this Court's October 26 Order granting Petitioner's Petition.

**IT IS SO ORDERED**, this 2nd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE