**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| RODOLFO JOSE HERRERA-CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | No. 2:26-cv-03376-SHL-cgc |

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION TO CLARIFY AND ENFORCE ORDER**

---

Before the Court is Petitioner Rodolfo Jose Herrera-Contreras's Motion to Clarify and Enforce October 26, 2026 Order. (ECF No. 15.) The Court directed Respondent to respond, which he did on November 4, 2026. (ECF No. 17.)

For the following reasons, the Motion is **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

On October 26, this Court entered an Order granting Herrera-Contreras's habeas petition and enjoining Respondent from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(B)(ii). (ECF No. 12 at PageID 83.) Judgment entered on October 29, after Bullock confirmed Herrera-Contreras's release from custody. (ECF No. 13; ECF No. 14.)

Petitioner filed a Motion on October 30, which provided details surrounding his release from custody and subsequent actions taken by Respondent and individuals employed by United States Citizenship and Immigration Services ("USCIS"). (ECF No. 15.) Herrera-Contreras

states that, a few hours before Respondent released him from custody, he was informed that he had a call from his lawyer. (Id. at PageID 89.) His lawyer was, in fact, not on the phone. Instead, it was an Asylum Officer seeking to conduct a credible fear interview with Petitioner. (Id.) Petitioner alleges that he had received no advance notice of this call, so he requested that his lawyer join the call. Counsel joined the call and raised several issues, including the lack of notice of the call, which resulted in the Asylum Officer rescheduling the credible fear interview for November 11, 2026. (Id. at PageID 90.) Upon his release, Petitioner was also ordered to report to an Intensive Supervision Appearance Program ("ISAP") on October 29, which he attended. (Id. at PageID 89.) At the meeting, Petitioner received a questionnaire form and a follow-up appointment for November 4. (Id.)

After Petitioner informed the Court of these allegations, Respondent was ordered to address its legal basis to pursue a credible fear interview with Petitioner and impose ISAP restrictions on Petitioner. (ECF No. 16 at PageID 120.) Respondent was also ordered to explain whether its conduct complies with this Court's October 26 Order granting Herrera-Contreras's Petition. (Id.)

According to Respondent, the legal basis for the credible fear interview falls under the "2004 Designation" of "69 Fed. Regs. 48" because Petitioner was apprehended within 14 days of entry and 100 miles of the United States land border. (ECF No. 17 at PageID 122.) As to the ISAP restrictions, Respondent contends that (1) the restrictions are a permissible set of restrictions applicable to Petitioner under 8 U.S.C. § 1226(a); (2) Petitioner cannot challenge the ISAP restrictions under 8 U.S.C. § 1226(e); and (3) even if the ISAP restrictions restrain Petitioner such that he is in custody, they are nonetheless lawful. (Id. at PageID 123–24.)

Petitioner disputes Respondent's purported authority to conduct a credible fear interview under "69 Fed. Reg. 48" because Petitioner is no longer "an alien 'who arrives,'" he is no longer applying for asylum, he was paroled from the expedited removal scheme already, and his application for asylum was closed by USCIS. (ECF No. 18 at PageID 129.) As to the ISAP restrictions, Petitioner asserts that Respondent has not produced any evidence that an officer made an evaluation before determining the necessity of the various ISAP conditions, despite Respondent's contention that such an evaluation was made. (Id. at PageID 130.)

Petitioner asks that the Court (1) declare his credible fear interview appointment on November 11 void ab initio and order that Respondent provide proof of cancelling that appointment; (2) enjoin Respondent from scheduling more credible fear interviews for Petitioner without first providing evidence of properly applied statutory authority including satisfactory statutory predicates; (3) order Respondent to explain whether Petitioner is currently in removal proceedings; (4) order the Respondent to cancel all ISAP enrollment for the Petitioner, and enjoin the Respondent from scheduling ISAP enrollment without first providing evidence of an individualized assessment; (5) direct limited production, with appropriate privacy protections, of the October 16 Forms I-862, I-286, and I-200, any NTA court filing confirmation, the new ISAP conditions and supporting custody assessment, or an explanation if a requested record does not exist; and (6) grant such further relief as is necessary and within the Court's jurisdiction to effectuate the October 26 Order, and declare whether the awarding of attorney fees to Petitioner under EAJA may be available here.

## ANALYSIS

A. Credible Fear Interview

As previously mentioned, Respondent was ordered to address its legal basis for pursuing a credible fear interview with Petitioner. (ECF No. 16 at PageID 120.) Bullock's Response is comprised, in its entirety, of three unhelpful sentences:

> Petitioner was apprehended within 14 days of entry and 100 miles of the United States land border. ECF 10-1, PageID 45. Therefore, the legal basis of the credible fear interview would fall under the "2004 Designation." See 69 Fed. Reg. 48. However, Respondent is aware of the Court's October 26 Order prohibiting Respondent from re-detaining Petitioner under 8 U.S.C. §1225 (b)(1)(B)(ii).

(ECF No. 17 at PageID 122.) This Court will not fill in the blanks or make Respondent's argument for him. See Sapia v. Bd. of Educ. of City of Chicago, 329 F.R.D. 585, 587 (N.D. Ill. 2019) ("Courts do not sit to make arguments for a party that the party, itself, did not make.").

Petitioner asserts that "69 Fed. Reg. 48" is likely a reference to 69 Fed. Reg. 48777–48781, which is "simply the expression of . . . expedited removal [under] § 1225(b)(1)(A)(iii)(I) and (II)." (ECF No. 18 at PageID 128.) 8 U.S.C. § 1225(b)(1)(A)(iii)(I) and (II) state that

> (iii) Application to certain other aliens
>
> (I) In general The Attorney General may apply clauses (i) and (ii) of this subparagraph to any or all aliens described in subclause (II) as designated by the Attorney General. Such designation shall be in the sole and unreviewable discretion of the Attorney General and may be modified at any time.
>
> (II) Aliens described An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

Petitioner understands "[t]he 14-day/100-mile designation which Respondent relies upon" to be "directly linked to the 'any or all aliens' portion referred to in [subsection] (b)(1)(A)(iii)(I)." (Id.

at PageID 129.) And, Petitioner maintains, the "any and all aliens" language has been interpreted differently by different presidential administrations but, regardless, he is "no longer an alien 'who arrives,' . . . he is no longer applying for asylum . . . [h]e was paroled from the expedited removal scheme already . . . [and] [his] application for asylum was closed by USCIS." (Id.)

Despite the shortcomings in Bullock's response, and the strong arguments raised by Herrera-Contreras, issues related to Petitioner's credible fear interview arise in the context of a habeas corpus petition. So, while Petitioner has certainly raised important questions as to his upcoming credible fear interview, it is unclear whether this Court, to enforce an Order granting habeas relief, can cancel an upcoming credible fear interview and place restrictions on similar interviews in the future. Respondent asserts that "the mere occurrence of a credible fear interview . . . in no way constitutes illegal or prohibited custody." Nothing in Petitioner's filings demonstrate how a credible fear interview would constitute custody such that habeas relief is available. Therefore, Petitioner's Motion, to the extent it seeks an Order cancelling his credible fear interview and placing restrictions on further interviews, is **DENIED WITHOUT PREJUDICE**.

B. ISAP Restrictions

ISAP restrictions are permissible under 8 U.S.C. § 1226 when certain requirements are met. Almira v. Bullock, No. 2:26-cv-02574-SHL-cgc, 2026 WL 3018682, at *2 (W.D. Tenn. Oct. 7, 2026). One requirement is that an officer "make an evaluation of danger and risk of flight." Id. (citation omitted). Here, as Petitioner aptly notes, "Respondent has not 'produced any evidence that an officer made an evaluation before determining the necessity of . . . ISAP conditions." (ECF No. 18 at PageID 130 (quoting id.).) As this Court has previously stated, "[t]here is a difference between a statute that authorizes conditions on release and one which operates as a blank check for Respondent to do as he pleases." Id. Respondent has not

demonstrated the need or legality for ISAP restrictions. Therefore, to the extent Petitioner requests that Respondent cancel all ISAP enrollment applicable to him and enjoin Respondent from scheduling ISAP enrollment without first providing evidence of an individualized assessment, the Motion is **GRANTED**.

C. Other Relief

Petitioner requests further miscellaneous relief, namely, that the Court (1) order Respondent to explain whether Petitioner is currently in removal proceedings; (2) direct limited production, with appropriate privacy protections, of the October 16 Forms I-862, I-286, and I-200, any NTA court filing confirmation, the new ISAP conditions and supporting custody assessment, or an explanation if a requested record does not exist; and (3) grant such further relief as is necessary and within the Court's jurisdiction to effectuate the October 26 Order, and declare whether the awarding of attorneys' fees to Petitioner under EAJA may be available here.

Petitioner does not state the basis for his entitlement to the first or second requests. The Court will not grant this relief without an explanation from Petitioner of why he is entitled to such relief in this proceeding. As for the third request, it is the job of Petitioner's counsel, not the Court, to assess whether attorneys' fees are awardable under the EAJA. To do otherwise would border on the Court advising Petitioner as to the strength of a potential legal argument, which would be inappropriate. Therefore, Petitioner's Motion, as to the miscellaneous relief discussed in this section, is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated above, Petitioner's Motion is **GRANTED IN PART** and **DENIED IN PART**. Respondent is **ENJOINED** from pursuing Petitioner's current ISAP enrollment or

future enrollment without first providing evidence of an individualized assessment. Otherwise, Petitioner's requested relief is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE